JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW SAMUEL HANGO, <br><br> Plaintiff, <br><br> v. <br><br> IMMIGRATION AND CUSTOMS ENFORCEMENT, et al., <br><br> Defendants. | Case No. CV 22-9385 FMO (DFMx) <br><br> **ORDER ACCEPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE AND TRANSFERRING ACTION TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OHIO** |

Pursuant to 28 U.S.C. § 636, the court has reviewed the Complaint, the records on file, and the Report and Recommendation of the United States Magistrate Judge. The court has engaged in a de novo review of those portions of the Report and Recommendation to which plaintiff has objected.

The court recognizes plaintiff's argument that venue is proper in this district on the basis of diversity jurisdiction. (Dkt. 10, "Objections" at 2). The general venue rules of 28 U.S.C. § 1391, however, "shall govern the venue of all civil actions brought in district courts of the United States[,]" "[e]xcept as otherwise provided by law[.]" 28 U.S.C. § 1391. As explained in the Report and Recommendation, pursuant to 28 U.S.C. § 1391(b), venue for plaintiff's Bivens action is not proper in this district.[1]

---

[1] The court recognizes that plaintiff has named federal defendants in both their individual and official capacities. (See Dkt. 1, "Complaint" at 4). Venue over plaintiff's claims against the federal

In addition, the court finds venue is most appropriate in the Northern District of Ohio because that is where "a substantial part of the events or omissions giving rise to the claim[s] occurred[.]" 28 U.S.C. § 1391(b)(2). Although plaintiff alleges he received medical treatment in Texas, most of his treatment, and specifically the treatment that he now alleges was deficient, took place in Seneca County, Ohio, (see Dkt. 1, Complaint at 4-10), which lies in the Northern District of Ohio, Western Division. 28 U.S.C. § 115(a)(2). Similarly, although plaintiff names as defendants individuals working at the Immigration and Customs Enforcement Field and District Offices in Detroit, Michigan, (see Complaint at 1, 3), again, it appears plaintiff's claims all relate to medical treatment he received in Seneca County, Ohio. (See id. at 4-10).

Finally, the court finds this entire action should be transferred to the Northern District of Ohio, including plaintiff's claims under the Federal Tort Claims Act ("FTCA"). Although, as the Report and Recommendation recognizes, venue for plaintiff's FTCA claims is appropriate in this district, it is equally appropriate in the Northern District of Ohio because that is where "the act or omission complained of occurred." 28 U.S.C. § 1402(b).

Based on the foregoing, IT IS ORDERED that:

1. The Report and Recommendation is accepted.

2. This action shall be transferred forthwith to the Northern District of Ohio. See 28 U.S.C. §§ 115(a)(2); 1391(b); 1406(a).

Dated this 13th day of March, 2023.

/s/
Fernando M. Olguin
United States District Judge

---

defendants in their official capacity may be appropriate here. See 28 U.S.C. § 1391(e)(1)(C). However, venue for these claims is equally appropriate in the Northern District of Ohio. See id. at § 1391(e)(1)(A)-(B). Moreover, upon transfer, the Northern District of Ohio may find plaintiff's claims against the federal defendants in their official capacity must be dismissed, thereby mooting the venue issue as to these claims. See Consejo de Desarrollo Economico de Mexicali, A.C. v. United States, 482 F.3d 1157, 1173 (9th Cir. 2007) ("'[A] Bivens action can be maintained against a defendant in his or her individual capacity only, and not in his or her official capacity.'") (quoting Daly-Murphy v. Winston, 837 F.2d 348, 355 (9th Cir.1987)). The court, however, offers no opinion as to how these claims should be addressed under the precedent and authority of the Sixth Circuit Court of Appeals or the Northern District of Ohio.