IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| **ANDREW SAMUEL HANGO,** | CASE NO. 3:23 CV 518 |
| Plaintiff, | |
| v. | JUDGE JAMES R. KNEPP II |
| **IMMIGRATION AND CUSTOMS ENFORCEMENT, et al.,** | **MEMORANDUM OPINION AND ORDER** |
| Defendants. | |

INTRODUCTION

*Pro se* Plaintiff Andrew Samuel Hango filed this action under *Bivens v. Six Unknown Agents*, 403 U.S. 388 (1971), and the Federal Tort Claims Act, 28 U.S.C. §§ 2671-2680 ("FTCA") against the Immigration and Customs Enforcement Agency ("ICE"), the Warden of the Seneca County Jail, Unknown Medical Staff at the Seneca County Jail, ICE Deportation Officer R. Feick, ICE Supervisory Deportation Officer Ryan S. Theodore, and ICE Detroit Field Office Director Rebecca Adducci. (Doc. 1). In the Complaint, Plaintiff alleges he was denied hemorrhoid surgery while detained in Seneca, Ohio County Jail awaiting deportation. He claims medical staff at the jail were deliberately indifferent to his serious medical needs in violation of the Fifth and Fourteenth Amendments. *See id.* Plaintiff was released from custody in December 2021 and received the surgery prior to filing this action. *See id.* He seeks declaratory and injunctive relief. *See id.* at 15.[1]

---

1. This action was originally filed in the United States District Court for the Central District of California on December 28, 2022. (Doc. 1). On March 13, 2023, it was transferred to this Court. (Doc. 12). Plaintiff sought to appeal that transfer order to the Ninth Circuit Court of Appeals

**BACKGROUND**

Plaintiff is a citizen of Tanzania who arrived in the United States on a student visa in 1997. *See Hango v. Adducci*, No. 1:19 CV 606 (N.D. Ohio) (Doc. 42). He failed to maintain his student status and ICE issued a Notice to Appear in September 2001. *See id.* at 2. He was granted voluntary departure in October 2002; however, when he did not depart the United States, an order of removal became effective. *Id.* Plaintiff appeared at the ICE Office in Cleveland, Ohio for a scheduled check-in on March 6, 2019, and was taken into custody to await deportation. *Id.* He was detained in the Geauga County and Seneca County Jails. *See id.* at 16. He informed physicians at these facilities that he noticed blood in the toilet after use. *See* Doc. 1, at 4.

In 2021, Plaintiff was transferred to the Port Isabel Detention Facility in Texas. *Id.* at 5. Plaintiff reported the appearance of blood in his stool to the physician at that facility. *Id.* The physician prescribed pain medication, hemorrhoid cream, and Metamucil to be taken with meals. *Id.* The physician also sent Plaintiff to the Upper Valley Hemorrhoid Clinic where he met with Dr. Alvarado, a colorectal surgery specialist. *Id.* Plaintiff states Dr. Alvarado examined him and recommended a surgical option for treatment. *Id.* at 5-6.

Prior to the surgery, Plaintiff was transferred back to the Seneca County Jail. *Id.* at 6. The physician there disagreed with the surgical treatment option recommended by Dr. Alvarado; this physician instead insisted Plaintiff first try topical hemorrhoid creams, noted Plaintiff's hemorrhoids did not present a medical emergency, and stated surgery is a last resort to only when topical medications do not work. *Id.* at 6, 30. The physician stated Plaintiff refused treatment with

---

(*Hango v. Immigration & Customs Enforcement*, No. 23-55384 (9th Cir.)), and subsequently filed in this Court a Motion to Stay (Doc. 13). The Ninth Circuit dismissed Plaintiff's appeal for lack of jurisdiction on June 1, 2023. *See Hango v. Immigration & Customs Enforcement*, No. 23-55384 (9th Cir.) (order dated June 1, 2023). Plaintiff's Motion to Stay (Doc. 13) is therefore denied as moot.

the topical cream. *Id.* at 6, 30. Plaintiff asserts he "was given a creamer medication that they knew didn't work." *Id.* at 6.

Plaintiff claims he was told no one accepts ICE/Medicaid rates; however, this comment was made in relation to Plaintiff's request for oral surgery to treat chronic tooth pain, not his request for colorectal surgery. *Id.* at 7, 26. There is no indication from the exhibits that his request for colorectal surgery was denied due to cost.

Plaintiff was released from the Seneca County Jail in December 2021; he moved to California. *Id.* at 8, 10. He sought surgical treatment, which his doctors scheduled for September 6, 2022. *Id.* at 10. He attaches a medical note for his employer indicating he would require three days off from work for pre-operative testing and surgery. *Id.* at 36. Plaintiff claims it took a team of surgeons twelve hours to remove his hemorrhoid. *Id.* at 10. He reports that even after the surgery, he could not use the bathroom normally and had to adjust his diet and take medication. *Id.* at 11.

Plaintiff asserts one claim in his Complaint for deliberate indifference to serious medical needs in violation of the Fifth or Fourteenth Amendments. *Id.* at 12-14. He asserts this claim under the FTCA and *Bivens*. He seeks only declaratory and injunctive relief. *See id.* at 14, 15.

## STANDARD OF REVIEW

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an

indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the Complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Twombly*, 550 U.S. at 555. The plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id*. In reviewing a complaint, the Court must construe the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc*., 151 F.3d 559, 561 (6th Cir.1998).

DISCUSSION

<u>Federal Tort Claims Act</u>

Plaintiff first seeks relief under the Federal Tort Claims Act. When a federal employee commits a tort while performing acts within the scope of his or her employment, any relief for that tort must be sought against the United States Government under the FTCA, 28 U.S.C. §§ 2671-2680. The FTCA provides the exclusive jurisdictional basis for tort claims against the United States and its employees for actions committed in the scope of their employment. It does not create "new causes of action but [merely provides for the] acceptance of liability under circumstances that would bring private liability into existence." *Feres v. United States*, 340 U.S. 135, 141 (1950). In other words, Plaintiff must assert a cause of action under state tort law against a federal

government agent to seek relief under the FTCA. Plaintiff's only stated cause of action in his Complaint is one for deliberate indifference to serious medical needs arising under the Fifth and Fourteenth Amendments. He does not assert a state law tort claim against a federal employee. The FTCA does not apply.

Furthermore, even if he had asserted a tort claim against a federal employee, his claim under the FTCA would be dismissed. The United States, as a sovereign, is immune from suit unless it explicitly waives its immunity. *United States v. Sherwood*, 312 U.S. 584, 590-91 (1941). By enacting the FTCA, Congress waived the United States' sovereign immunity under very limited circumstances for claims against the federal government arising from torts committed by federal employees acting within the scope of their employment. 28 U.S.C. §§ 1346(b)(1), 2679(d)(1); *United States v. Orleans*, 425 U.S. 807 (1976). Congress defined the exact terms and conditions upon which the government may be sued, and the terms of the United States' consent define the parameters of federal court jurisdiction to entertain suits brought against the United States. *Orleans*, 425 U.S. at 814; *Honda v. Clark*, 386 U.S. 484, 501 (1967).

The parameters placed on these tort claims dictate they "shall be forever barred unless . . . presented in writing to the appropriate Federal agency within two years after such claim accrues[.]" 28 U.S.C. § 2401(b). In elaborating on when a claim has been presented to an administrative agency pursuant to section 2675(a), the relevant regulation provides:

> [A] claim shall be deemed to have been presented when a Federal agency receives from a claimant, his duly authorized agent or legal representative, an executed Standard Form 95 or other written notification of an incident, accompanied by a claim for money damages in a sum certain for . . . personal injury . . . alleged to have occurred by reason of the incident; and the . . . or legal capacity of the person signing, and is accompanied by evidence of his authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian, or other representative.

28 C.F.R. § 14.2(a); *see also Conn v. United States*, 867 F.2d 916, 918 (6th Cir. 1989).

5

The timely filing of an administrative claim is a requirement of the FTCA. If the administrative requirements of the FTCA have not been fulfilled, the case must be dismissed. *Dolan v. United States*, 514 F.3d 587, 593 (6th Cir. 2008). This Court cannot extend a waiver of immunity beyond what Congress intended. *United States v. Kubrick*, 444 U.S. 111, 118 (1979). Because Plaintiff has not exhausted his administrative remedies, he could not proceed with a claim under the FTCA.

Finally, Plaintiff's Complaint seeks only declaratory and injunctive relief. (Doc. 1, at 14, 15). These remedies are not available under the FTCA. *See Moher v. United States*, 875 F. Supp. 2d 739, 754–55 (W.D. Mich. 2012) ("The sole form of relief provided in the FTCA is compensatory damages. . . . To the extent that Moher seeks a remedy under the FTCA other than compensatory damages, there has not been a waiver of sovereign immunity and this Court lacks subject matter jurisdiction to award it.") (collecting cases); *Kight v. U.S. Dist. Ct., N. Dist. of Georgia*, 681 F. App'x 882, 884 (11th Cir. 2017) ("Because the FTCA does not waive sovereign immunity for relief other than money damages, his claims seeking injunctive and declaratory relief are barred."); *Estate of Trentadue ex rel. Aguilar v. U.S.*, 397 F.3d 840, 863 (10th Cir. 2005) ("[T]he district court lacks subject matter jurisdiction under the FTCA to provide injunctive and declaratory relief."); *Women Prisoners of D.C. Dep't of Corr. v. D.C.*, 899 F. Supp. 659, 666 (D.D.C. 1995) ("Federal prisoners, however, may not sue for injunctive relief because such a remedy is precluded by the doctrine of sovereign immunity and the Federal Tort Claims Act does not provide a waiver of sovereign immunity for equitable relief.").

For all of the above reasons, Plaintiff's Complaint fails to state a claim under the FTCA upon which relief can be granted.

*Bivens*

Plaintiff also seeks to pursue claims under *Bivens*.[2] Again, he seeks only injunctive and declaratory relief.

Plaintiff had already been released from the Seneca County Jail and underwent surgery before filing this Complaint. Requests for injunctive and declaratory relief based on prison conditions or treatment become moot once the inmate is transferred or released. *See Lavado v. Keohane*, 992 F.2d 601, 605 (6th Cir. 1993) (request for declaration that plaintiff's constitutional rights were violated by the way prison officials handled his mail and request for injunctive relief became moot once plaintiff was released from prison); *Kensu v. Haigh*, 87 F.3d 172 (6th Cir. 1996) (same); *see also Green v. Branson*, 108 F.3d 1296, 1300 (10th Cir. 1997) ("Since [plaintiff] is no longer a prisoner . . ., the entry of a declaratory judgment in [his] favor would amount to nothing more than a declaration that he was wronged and would have no effect on the defendants' behavior towards him."). Because Plaintiff is no longer in custody and no longer in arguable need of treatment from the Defendants, his requests for declaratory and injunctive relief are moot. He does not request any other type of relief.

Finally, Plaintiff has not identified a Defendant against whom this claim could proceed in a *Bivens* action. *Bivens* is a limited cause of action. It provides a claim for relief against individual federal officers acting under color of federal law alleged to have acted unconstitutionally. *Corr. Svcs. Corp. v. Malesko*, 534 U.S. 61, 70 (2001). It does not support an action against the United States government or any of its agencies. *Id.*; *see Fed. Deposit Ins. Corp. v. Meyer*, 510 U.S. 471,

---

2. *Bivens* is a shorthand reference to the private action for damages against federal officers alleged to have violated a citizen's constitutional rights, which was first recognized by the Supreme Court in *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

484-86 (1994). Plaintiff cannot bring a *Bivens* claim against ICE or any of its agents in their official capacities. Moreover, to state a claim under *Bivens*, Plaintiff must allege that the individual defendants were personally involved in the alleged deprivation of the Plaintiff's constitutional rights. *See Nwaebo v. Hawk-Sawyer*, 83 F. App'x 85, 86 (6th Cir. 2003) (citing *Rizzo v. Goode*, 423 U.S. 362, 373-77 (1976); *Hall v. United States*, 704 F.2d 246, 251 (6th Cir. 1983)); *Kesterson v. Fed. Bureau of Prisons*, 60 F. App'x 591, 592 (6th Cir. 2003); *Steele v. Fed. Bureau of Prisons*, 355 F.3d 1204, 1214 (10th Cir. 2003) (to be subject to *Bivens* liability, a defendant must have "direct, personal participation" in the constitutional violation). The Seneca County Jail Warden, Deportation Officer Feick, Supervisory Deportation Officer Theodore, and District Director Adducci are not mentioned at all in the body of the Complaint. There is no indication that they were involved in any way with the diagnosis and treatment of Plaintiff's hemorrhoids. Similarly, Plaintiff's reference to "unknown medical staff" is not sufficient to impose liability on any particular individual in the medical department. He cannot proceed with *Bivens* claims against these Defendants.

## CONCLUSION

For the foregoing reasons, good cause appearing, it is

ORDERED that this action be, and the same hereby is, dismissed pursuant to 28 U.S.C. §1915(e); and it is

ORDERED that Plaintiff's Motion to Stay (Doc. 13), be, and the same hereby is, DENIED AS MOOT; and the Court

FURTHER CERTIFIES, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

    s/ *James R. Knepp II*
    UNITED STATES DISTRICT JUDGE